THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BLAKE L. HIGGINBOTHAM, Defendant-Appellant.

Second District    No. 2—95—0490

Opinion filed October 17, 1997.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, and Phyllis J. Perko, of Law Offices of Harlovic & Perko, of West Dundee, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and

Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Following a bench trial, defendant, Blake Higginbotham, was convicted of aggravated criminal sexual abuse (720 ILCS 5/12—16(c)(1)(i) (West 1992)) and battery (720 ILCS 5/12—3(a)(2) (West 1992)). He was sentenced to probation with conditions of 10 months' periodic imprisonment, restitution, and sex offender treatment. Defendant appeals his aggravated criminal sexual abuse conviction, raising two issues: whether he was proved guilty beyond a reasonable doubt; and whether he was denied a fair trial by the admission of improper evidence.

Defendant was charged with committing an act of sexual conduct with T.S., who was under 13 years of age when the act was committed, in that defendant placed T.S.'s hand on his stomach for his sexual arousal. We will summarize only those facts relevant to the issues raised on appeal.

At trial, on January 17, 1995, T.S. testified that she was a 14-year-old high school freshman. T.S. had been a member of a church of which defendant was the pastor. T.S. was asked about what happened in the fall of 1992. She stated that, on a Saturday, she went to defendant's house in Round Lake Beach, to spend time with him. T.S. went downstairs to the basement, and, about five minutes later, defendant came downstairs wearing nothing but ruby-colored brief underwear. He lay down on his back on the couch, and T.S. kneeled on the floor next to him. Defendant told T.S. to rub his stomach, which she did for about 15 minutes. Defendant rolled the waistband down once and directed T.S. to rub down to the waistband. She complied. T.S. stopped rubbing and went into the bathroom for a few minutes. When she came back out, defendant was gone. He came back downstairs, and T.S. noticed that he had an erection. Defendant returned to the couch, gave T.S. a pair of tweezers, and told her to pluck his gray chest hairs. While T.S. plucked, defendant made comments such as, " 'That's the one I was waiting for you to pull' or 'that felt good.' " Defendant then took a shower. The evidence revealed that defendant was over the age of 17 when this occurred.

■ Defendant first contends that the State failed to prove beyond a reasonable doubt that there was sexual conduct and that the victim was under 13 years old. A reviewing court will not overturn a conviction if it determines, after viewing all the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found the elements of the offense beyond a reasonable doubt.

*People v. Collins*, 106 Ill. 2d 237, 261 (1985). Although it is not our function to retry the defendant or reweigh the evidence, where the evidence is so improbable or unsatisfactory, the conviction cannot stand. *People v. Steidl*, 142 Ill. 2d 204, 226 (1991). We may not substitute our judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses. *People v. Batchelor*, 171 Ill. 2d 367, 376 (1996). Here, the trial court found T.S.'s testimony credible, and, therefore, we must accept it in determining whether the trial court could have found the elements of the offense beyond a reasonable doubt.

■ As charged here, a person commits aggravated criminal sexual abuse if he was over 17 years of age and committed an act of sexual conduct with a person who was less than 13 years old. 720 ILCS 5/12—16(c)(1)(i) (West 1992). "Sexual conduct" is defined as "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, *or any part of the body of a child under 13 years of age*, for the purpose of sexual gratification or arousal of the victim or the accused." (Emphasis added.) 720 ILCS 5/12—12(e) (West 1992).

Defendant argues that he could not have committed aggravated criminal sexual abuse because he did not touch any part of T.S.'s body; rather, her hand touched a part of his body. The State responds that T.S.'s hand is a part of her body and that her hand made physical contact with, "touched," defendant's body. The State therefore reasons that there was intentional touching by the defendant of any part of the body of T.S. We believe this is a strained and improper reading of the statute.

■ The primary rule of statutory interpretation is to ascertain and give effect to the legislative intent. *People v. Britz*, 174 Ill. 2d 163, 196 (1996). To determine that intent, we first look to the language of the statute, which is given its plain and ordinary meaning. *People v. Haynes*, 174 Ill. 2d 204, 222 (1996). We must also consider all parts of the statute together (*People v. Warren*, 173 Ill. 2d 348, 357 (1996)) and give every word or phrase some reasonable meaning (*Opyt's Amoco, Inc. v. Village of South Holland*, 149 Ill. 2d 265, 277 (1992)). Criminal statutes are construed strictly in favor of the defendant, and courts should take nothing by intendment or implication beyond the obvious or literal meaning of the statute. *People v. Woodard*, 175 Ill. 2d 435, 444 (1997).

■ The statute defines sexual conduct as touching by the accused of any part of the body of a child under the age of 13, or touching by the child of the sex organs, anus, or breast of the accused. The State's

interpretation would nullify the statutory language that prohibits the touching or fondling by the victim of only those areas specified in the statute. "Touch" means "to bring a bodily part briefly into contact with so as to feel" or "to strike or push lightly: extend the hand or foot or an implement so as to reach, nudge, stir up, inspect, arouse," or "to examine by touching or feeling with the fingers," or "to feel something with a body part (as the hand or foot)." Webster's Third New International Dictionary 2415-16 (1986). Defendant did not bring a bodily part into contact with a part of T.S.'s body so as to feel it; rather, T.S. touched defendant. The statute does *not* prohibit the touching or fondling of any part of *anyone's* body when the child is under 13 years of age. The statute prohibits the touching or fondling of any part of the *child's* body. Thus, T.S.'s touching of defendant's stomach does not fall within the statutory proscription, and defendant's conduct, though reprehensible, does not constitute aggravated criminal sexual abuse under the facts presented in this case.

Because we conclude that the aggravated criminal sexual abuse conviction must be reversed, we need not address defendant's other arguments.

The judgment of aggravated criminal sexual abuse in the circuit court of Lake County is reversed.

Reversed.

INGLIS and HUTCHINSON, JJ., concur.